**EBI–DETROIT, INC., Plaintiff,**

v.

**CITY OF DETROIT, Detroit Water and Sewerage Department, Gary Fujita, an individual, Victor Mercado, an individual, and Kwame M. Kilpatrick, individually and in his fiduciary capacity as Mayor of Detroit, Defendants.**

No. CIV. 06–14452.

United States District Court,
E.D. Michigan,
Southern Division.

Dec. 6, 2006.

D. Douglas McGaw, Poling, McGaw, Troy, MI, for Plaintiff.

Lisa A. Brown, Mark D. Jacobs, Dykema Gossett, Detroit, MI, Marilyn A. Peters, Dykema Gossett, Bloomfield Hills, MI, for Defendants.

## *OPINION AND ORDER DENYING MOTION TO REMAND*

FEIKENS, District Judge.

Plaintiff moves for remand of this case to state court, alleging that there is no issue of federal law. I find that there is a determinative issue of federal law, and therefore I DENY the motion to remand.

### FACTUAL AND PROCEDURAL BACKGROUND

In September 2006, Plaintiff EBI–Detroit, filed suit against the above Defendants in state court, alleging a number of state law causes of action, including breach of contract, defamation, interference with business relationships and contracts, failure to follow procedural rules, and negligent misrepresentation. Defendants removed this case to federal court in early October.

Plaintiff alleges that it had an agreement with the Detroit Water and Sewerage Department (DWSD) to perform work on contract PC–753, which involves the Belle Isle Pump Station and Combined Sewer Overflow Control improvements. Specifically, Plaintiff alleges the the Board of Water Commissioners approved the award of the contract, and that DWSD "stated its intent to award the Project" to Plaintiff, although Plaintiff also alleges it never received the "necessary Letter of Intent" from the Department. (Pl.'s Br. in Support 6–7.) Plaintiff said that it did receive a letter from Victor Mercado, the director of DWSD, stating it was a "non-

responsible" bidder, a decision which it alleges it formally appealed. (*Id.* at 7.) Before that appeals process concluded, Plaintiff alleges that Mayor of Detroit Kwame M. Kilpatrick used his authority granted by this Court as special administrator of DWSD to have a contractor other than Plaintiff complete that work. (*Id.* at 7.) Plaintiff explicitly does not challenge Kilpatrick's authority as Special Administrator to take that action or allege that he in any way failed to carry out his responsibilities as this Court's Special Administrator in so deciding. (Reply to the Response, 4–5.)

## ANALYSIS

State law is pre-empted when it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives" of federal law. *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941). Accordingly, the position of Special Administrator carries the power to override state law in pursuit of compliance with the Clean Water Act and related federal requirements. *United States v. Michigan*, 409 F.Supp.2d 883 (E.D.Mich.2006), citing Opinion of March 21, 1979, Case No. 77–71100 (creating position of Special Administrator for DWSD); *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 546, 114 S.Ct. 1757, 128 L.Ed.2d 556 (1994) (federal government may override state law to effectuate compliance with federal law); U.S. Const. art VI, 2 (Supremacy Clause). Therefore, in determining whether state law was violated in this case by the Special Administrator, it is necessary to determine whether his action was a proper exercise of the federal court's power. The federal question raised by Plaintiff's complaint predominates over all state law questions, since the entire case turns on an interpretation of this Court's orders. It would therefore be inappropriate to remand this case.

## CONCLUSION

For the reasons above, the motion to remand is DENIED.

**IT IS SO ORDERED.**